CARMINE IMONDI *et al. vs.* ELMO A. PANICCIA.

MARCH 31, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity for the appointment of receivers of a partnership and for the sale of its assets. After receivers were appointed it was represented that the parties desired an opportunity to bid for the assets of the partnership exclusive of accounts receivable and cash in bank and accordingly a decree was entered in the superior court directing the receivers to make an effort to effect such a sale on private bids, if possible; otherwise by public auction. In open court on Friday, January 11, 1952, one receiver reported an offer from one of the complainants of $18,000, which was approved by the trial justice. A decree was entered directing that a sale for that amount be made on the following Monday, January 14, 1952. The cause is before us on respondent's appeal from that decree.

On his petition this court, pursuant to the provisions of general laws 1938, chapter 541, §7, suspended the operation of such decree pending determination of the appeal. On February 8, 1952 the appeal was heard and at that hearing respondent contended that the decree appealed from was contrary to the prior decree directing the receivers to sell the assets at private sale at the best available price; that it was contrary to law and to the best interests of the parties; and that no valid reason was shown why a sale was ordered for $18,000, which was the lower of two offers presented to the superior court for its approval.

The decree under which the receivers acted in seeking offers for the assets at private sale reads in part as follows:

"(3) The Receivers are directed to make every effort to sell the assets of said partnership at private sale at the best available offer, and if the Receivers, or either of them, receive an offer which, in their opinion, is fair and reasonable, then the Receivers, or either of them, may bring said matter to the attention of the Court for its approval; and in the event that the Court does not approve any offer, then said property shall be sold at public auction on the 12th day of February, 1952 to the highest responsible bidder as set forth above."

Pursuant to that decree one of the complainants made an offer in writing of $18,000 to receiver Luigi Capasso accompanied by a deposit of $1,000 by certified check. Receiver Capasso thereupon filed a petition setting forth the terms of the offer and stating that it was the best he had been able to obtain. This petition was assigned for hearing on Friday, January 11, 1952, in the superior court before the justice thereof who had entered the prior decree directing the receivers to sell.

The co-receiver Isidore Kirshenbaum did not join in that petition nor did he, on his part, present a petition setting forth any offer in writing which he had received, but at the hearing he did submit orally an offer of $19,000 which he had received from the respondent. In the course of a colloquy between the trial justice and receiver Kirshenbaum concerning the offer which he had reported to the court, the latter stated that he had intended to make known such offer the day before but that it was only on the morning of the hearing that he had completed the financial arrangements to enable respondent to secure the necessary cash and that he was prepared to pay "now" the amount of "$19,000 in cash."

The trial justice in rejecting this offer stated: "You've had your opportunities to make your offer. You've made your offers. Mr. Capasso comes in with an offer, in writing, with a deposit of a thousand dollars, and it is simply because he has made that offer that you are increasing your offer. The only one that will benefit by the increase of offer here is not the creditors, but the parties themselves. I advise the receivers to accept Mr. Capasso's offer of $18,000." It also appeared from other statements which the trial justice made that he felt it would not be fair to receiver Capasso's bidder if he were to accept the offer of $19,000 and then ask if such bidder desired to raise his bid to $20,000. In any event he made it plain that he was quite averse to adopting such a course, as it would make an auction out of

the hearing and he was not going to act as the auctioneer. From those statements it is clear that the trial justice did not reject the offer of $19,000 because it was not a firm offer to purchase presently for cash, but rather he refused to entertain it at all because it had not been made in writing prior to the hearing as the offer of $18,000 had been.

The decree directing the receivers or either of them to sell the assets for the best available offer does not require them to follow any prescribed course in obtaining such offers, nor does it provide that the offers themselves shall first be made in writing prior to the receivers reporting them to the court for its approval. Moreover, we do not find in the record any supplemental order or decree amplifying the original decree in those respects. Apparently this matter of submitting written offers stems from an alleged extrajudicial understanding between the receivers which complainants assert had been made at the informal suggestion of the trial justice sometime subsequent to the entry of the decree. If there was such an understanding no record of it was made and, therefore, it is without any efficacy as an amendment of or a supplement to the decree. The decree is the official act of the court by which it gave the receivers their authority to obtain offers to purchase at private sale, and it has not been amended. In passing upon the manner in which the receivers performed their duty, the trial justice was obligated to act in accordance with such decree. We also must be guided by it in reviewing his decision.

On the face of the decree the receivers were required to do two things: first, to seek a fair and reasonable offer from the parties for the assets; and second, to report to the court for its approval the best available offer. If they could not jointly agree in the premises either was authorized to report such an offer. As events turned out no agreement could be reached on receiver Capasso's offer in writing and thereupon

receiver Kirshenbaum reported to the court the counter offer which he had received.

In the circumstances the duty of the court was clear. Under the provisions of the decree which it had entered it was not bound to approve either of these offers. If the trial justice discerned from the report of each receiver that there was a reasonable prospect of obtaining even more than $19,000 he was at liberty to reject both offers and leave the parties to take their chances of obtaining the assets at a public auction as expressly prescribed in the decree. On the other hand, had he been so disposed he could have tried then and there at the hearing to ascertain from the parties if $19,000 was in reality the best obtainable price as far as they were concerned. Not being so disposed and apparently not desiring to throw the sale open to public auction, he undertook to sanction the private sale. In doing so, all things in the reported offers being equal except the price, it was his duty to approve the higher offer. He was, therefore, clearly in error in refusing to consider the offer of $19,000 reported by receiver Kirshenbaum.

It does not necessarily follow, however, that we should order a sale in accordance with such offer. By refusing to entertain it the court foreclosed the possibility of an even higher offer being received from the same or other bidders. We are advised by statements of counsel in their briefs and also at the hearing in the superior court that the assets which are offered for sale are of substantial value; and the parties complainant as well as the party respondent are apparently keenly desirous of acquiring them.

In such circumstances we are of the opinion that the best interests of all concerned will be served if the court allows the parties an opportunity to present sealed bids at a date to be fixed by the court and at that time authorizes a private sale to the highest bidder of all the assets of the partnership exclusive of accounts receivable and cash in bank.

The respondent's appeal is sustained, the decree appealed from is reversed, and on April 4, 1952 the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*John Quattrocchi, Jr.,* for complainants.

*Isidore Kirshenbaum,* for respondent.